## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>          v.<br><br>MICROTECH KNIVES, INC.,<br><br>             Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, Jane Doe (hereinafter "Ms. Doe"), by and through her undersigned counsel, Justin Robinette, Esquire, hereby submits and files the following Complaint against Defendant, Microtech Knives, Inc., averring in support thereof, as follows:

### I.    PARTIES:

1.    Plaintiff, Jane Doe (hereinafter "Plaintiff" or "Ms. Doe") is an adult individual and current resident of the Commonwealth of Pennsylvania, who currently resides at

████████████████████████████████████████████.

Plaintiff's home address has been redacted consistent with Plaintiff's Motion to Proceed Anonymously and Brief in Support thereof submitted on this same date.

2.      Defendant, Microtech Knives, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 300 Chestnut Street, Bradford, PA 16701, and/or 50 Foster Brook Boulevard, Bradford, PA 16701.

3.      At all times relevant hereto, Defendant, Microtech Knives, Inc., employed Plaintiff, Ms. Doe.

### III.    JURISDICTION & VENUE:

4.      This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because the claims present a Federal question.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state-law claims as those claims arise out of the same set of operative facts as the Federal claims.

6.      This Court has personal jurisdiction over Defendant because Defendant's contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

7.      Venue is proper under Title VII of the Civil Rights Act of 1964 ("Title VII") pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful

employment practices are "alleged to have been committed" in this judicial district,

"the employment records relevant to such practice[s] are maintained and

administered" in this judicial district, and Plaintiff "would have worked" in this

judicial district "but for the alleged unlawful employment practice[s]." 42 U.S.C.

§ 2000e-5(f)(3).

8.     At all times relevant hereto, Defendant employed fifteen (15) or more

persons for each working day in each of twenty (20) or more calendar weeks in the

current or preceding calendar year.

### III.         EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff has exhausted all applicable administrative remedies and the

pertinent notice of right-to-sue in this matter is attached hereto as Exhibit "A."

Plaintiff's name and address are redacted consistent with Plaintiff's Motion to

Proceed Anonymously filed on this same date.

### IV.    CLAIMS OF RELIEF

**COUNT I:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEXUAL**
**ORIENTATION AND/OR SEX IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)**

10.    All of the foregoing paragraphs are hereby incorporated as if the same

were more fully set forth herein at length.

3

11.     It is believed and, therefore, averred that Plaintiff was, at all times relevant hereto, the only openly LGBTQIA+ employee of Defendant.

12.     Plaintiff was employed as "QA" or "Quality Assurance" at all times relevant hereto.  Defendant did not further provide Plaintiff with any specific job title.

13.     Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

14.     Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

15.     Plaintiff is lesbian.

16.     Plaintiff is gender non-conforming.

17.     Plaintiff was the only female QA employee in the Lathes Department.

18.     In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to that effect.  Plaintiff stated, "I'm more into females."  The group of employees to whom Plaintiff made this statement, and came out, consisted of Ryan Nichols,

Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU. When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

19.    Randy Hoag, Operator, subjected Plaintiff to disparate treatment and discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent over with parts that Plaintiff later determined contained Mr. Hoag's initials on them.

20.    Plaintiff engaged in protected conduct/activity during her employment and opposed discrimination and harassment.

21.    Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev George, Supervisor.

22.    Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of Lathes.

23.    Plaintiff complained to Bridget LNU in the Human Resources ("HR") department.

24.    Plaintiff reported her concerns to Tonya LNU in the HR department. Tonya LNU stated she would speak to someone higher up, or words to that effect, but Plaintiff heard nothing further from Tonya LNU.

25.    After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

26.    On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

27.    On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

28.    On or about November 10, 2023, Plaintiff terminated her employment with Defendant.

29.    Defendant discriminated against Plaintiff because of her sex in violation of Bostock v. Clayton County, Georgia, 590 U.S. ___, 140 S. Ct. 1731, 1741 (2020).

30.    Bostock recognized that "an employer who discriminates against homosexual or transgender employees necessarily and intentionally applies sex-based rules.  An employer that announces it will not employ anyone who is homosexual, for example, intends to penalize male employees for being attracted to men and female employees for being attracted to women."  Bostock v. Clayton County, Georgia, 590 U.S. ___, 140 S. Ct. 1731, 1745 (2020).

31.    Plaintiff was subjected to harassment by her coworkers after coming out at Defendant's company.

32.    Defendant failed to provide prompt and appropriate action to prevent, correct, and remedy harassment based on sexual orientation and based on sex at Defendant's company.

33.    Plaintiff was subjected to a hostile work environment/harassment based on her sexual orientation and based on her sex at Defendant's company.

34.    Defendant denied Plaintiff the terms, conditions, benefits, and privileges of employment on account of sexual orientation and on account of sex.

35.    Upon information and belief, Defendant, Microtech Knives, Inc., is an unwelcome place for the LGBTQIA+ community.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct

sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT II:**
**CONSTRUCTIVE DISCHARGE/TERMINATION BASED ON SEXUAL**
**ORIENTATION AND/OR SEX IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. § 2000*e*, <u>et seq.</u>**
**<u>(Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)</u>**

36.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

37.    It is believed and, therefore, averred that Plaintiff was, at all times relevant hereto, the only openly LGBTQIA+ employee of Defendant.

38.    Plaintiff was employed as "QA" or "Quality Assurance" at all times relevant hereto.  Defendant did not further provide Plaintiff with any specific job title.

39.    Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

40.    Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

41.    Plaintiff is lesbian.

42.    Plaintiff is gender non-conforming.

43.    Plaintiff was the only female QA employee in the Lathes Department.

8

44.     In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to that effect.  Plaintiff stated, "I'm more into females."  The group of employees to whom Plaintiff made this statement, and came out, consisted of Ryan Nichols, Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU. When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

45.     Randy Hoag, Operator, subjected Plaintiff to disparate treatment and discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent over with parts that Plaintiff later determined contained Mr. Hoag's initials on them.

46.     Plaintiff engaged in protected conduct/activity during her employment and opposed discrimination and harassment.

47.     Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev George, Supervisor.

48.     Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of Lathes.

9

49.    Plaintiff complained to Bridget LNU in the Human Resources ("HR") department.

50.    Plaintiff reported her concerns to Tonya LNU in the HR department. Tonya LNU stated she would speak to someone higher up, or words to that effect, but Plaintiff heard nothing further from Tonya LNU.

51.    After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

52.    On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

53.    On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

54.    On or about November 10, 2023, Plaintiff terminated her employment with Defendant.

55.    Defendant constructively discharged Plaintiff from employment on account of her sex.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT III:**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)**

56.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

57.     Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

58.     Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

59.     Plaintiff is lesbian.

60.    Plaintiff is gender non-conforming.

61.    Plaintiff was the only female QA employee in the Lathes Department.

62.    In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to that effect.  Plaintiff stated, "I'm more into females."  The group of employees to whom Plaintiff made this statement, and came out, consisted of Ryan Nichols, Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU. When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

63.    Randy Hoag, Operator, subjected Plaintiff to disparate treatment and discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent over with parts that Plaintiff later determined contained Mr. Hoag's initials on them.

64.    Plaintiff engaged in protected conduct/activity during her employment and opposed discrimination and harassment.

65.    Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev George, Supervisor.

66.     Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of Lathes.

67.     Plaintiff complained to Bridget LNU in the Human Resources ("HR") department.

68.     Plaintiff reported her concerns to Tonya LNU in the HR department. Tonya LNU stated she would speak to someone higher up, or words to that effect, but Plaintiff heard nothing further from Tonya LNU.

69.     After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

70.     On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

71.     On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

72.     Plaintiff opposed conduct that constituted discrimination and/or harassment based on sex constituting a form of protected conduct/activity.

13

73.     Defendants terminated/discharged Plaintiff in retaliation for her protected conduct/activity.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

## COUNT IV:
## HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION AND/OR SEX IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951, <u>et seq.</u>
## <u>(Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)</u>

74.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

75.     It is believed and, therefore, averred that Plaintiff was, at all times relevant hereto, the only openly LGBTQIA+ employee of Defendant.

76.     Plaintiff was employed as "QA" or "Quality Assurance" at all times relevant hereto.  Defendant did not further provide Plaintiff with any specific job title.

77.     Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

78.     Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

79.     Plaintiff is lesbian.

80.     Plaintiff is gender non-conforming.

81.     Plaintiff was the only female QA employee in the Lathes Department.

82.     In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to that effect.  Plaintiff stated, "I'm more into females."  The group of employees to whom Plaintiff made this statement, and came out, consisted of Ryan Nichols, Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU. When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

83.     Randy Hoag, Operator, subjected Plaintiff to disparate treatment and discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent over with parts that Plaintiff later determined contained Mr. Hoag's initials on them.

84.     Plaintiff engaged in protected conduct/activity during her employment and opposed discrimination and harassment.

85.     Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev George, Supervisor.

86.     Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of Lathes.

87.     Plaintiff complained to Bridget LNU in the Human Resources ("HR") department.

88.     Plaintiff reported her concerns to Tonya LNU in the HR department. Tonya LNU stated she would speak to someone higher up, or words to that effect, but Plaintiff heard nothing further from Tonya LNU.

89.     After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

90.     On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

91.     On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

92.     On or about November 10, 2023, Plaintiff terminated her employment with Defendant.

93.     Defendant discriminated against Plaintiff because of her sex in violation of Bostock v. Clayton County, Georgia, 590 U.S. ___, 140 S. Ct. 1731, 1741 (2020).

94.     Bostock recognized that "an employer who discriminates against homosexual or transgender employees necessarily and intentionally applies sex-based rules.  An employer that announces it will not employ anyone who is homosexual, for example, intends to penalize male employees for being attracted to men and female employees for being attracted to women."  Bostock v. Clayton County, Georgia, 590 U.S. ___, 140 S. Ct. 1731, 1745 (2020).

95.     Defendant failed to provide prompt and appropriate action to prevent, correct, and remedy harassment based on sexual orientation and based on sex.

96.     Plaintiff was subjected to a hostile work environment/harassment based on her sexual orientation and based on her sex.

97.     Defendant denied Plaintiff the terms, conditions, benefits, and privileges of employment and otherwise adversely affected Plaintiff's employment on account of sexual orientation and sex.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT V:**
**CONSTRUCTIVE DISCHARGE/TERMINATION BASED ON SEXUAL ORIENTATION AND/OR SEX IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951, <u>et seq.</u>**
**<u>(Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)</u>**

98.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

99.    It is believed and, therefore, averred that Plaintiff was, at all times relevant hereto, the only openly LGBTQIA+ employee of Defendant.

100.    Plaintiff was employed as "QA" or "Quality Assurance" at all times relevant hereto.  Defendant did not further provide Plaintiff with any specific job title.

101.    Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

102.    Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

103.    Plaintiff is lesbian.

104.    Plaintiff is gender non-conforming.

105.    Plaintiff was the only female QA employee in the Lathes Department.

106.    In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to that effect.  Plaintiff stated, "I'm more into females."  The group of employees to

whom Plaintiff made this statement, and came out, consisted of Ryan Nichols, Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU. When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

107.    Randy Hoag, Operator, subjected Plaintiff to disparate treatment and discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent over with parts that Plaintiff later determined contained Mr. Hoag's initials on them.

108.    Plaintiff engaged in protected conduct/activity during her employment and opposed discrimination and harassment.

109.    Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev George, Supervisor.

110.    Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of Lathes.

111.    Plaintiff complained to Bridget LNU in the Human Resources ("HR") department.

112.    Plaintiff reported her concerns to Tonya LNU in the HR department. Tonya LNU stated she would speak to someone higher up, or words to that effect, but Plaintiff heard nothing further from Tonya LNU.

113.   After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

114.   On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

115.   On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

116.   On or about November 10, 2023, Plaintiff terminated her employment with Defendant.

117.   Defendant constructively discharged Plaintiff from employment on account of her sex.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable

attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

## COUNT VI:
## RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951, et seq. (Plaintiff, Jane Doe v. Defendant, Microtech Knives, Inc.)

118.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

119.    Defendant hired Plaintiff as "QA" in or around March 2021 at Defendant, Microtech Knives', location at 50 Foster Brook Boulevard, Bradford, PA 16701.

120.    Plaintiff worked to Defendant's satisfaction at all times relevant hereto.

121.    Plaintiff is lesbian.

122.    Plaintiff is gender non-conforming.

123.    Plaintiff was the only female QA employee in the Lathes Department.

124.    In or around September/October 2021, Savannah LNU, Operator, a co-employee, approached Plaintiff and a group of employees, and stated that a male coworker was interested in Plaintiff, but the employee who approached Plaintiff stated she told the coworker that he was not Plaintiff's type, or words to

that effect.  Plaintiff stated, "I'm more into females."  The group of employees to

whom Plaintiff made this statement, and came out, consisted of Ryan Nichols,

Operator; Randy Hoag, Machinist; Dave Burke, Operator; and Savannah LNU.

When Plaintiff came out, Mr. Hoag and Mr. Burke laughed.

125.   Randy Hoag, Operator, subjected Plaintiff to disparate treatment and

discrimination.  Mr. Hoag discriminated against Plaintiff.  Mr. Hoag sabotaged

Plaintiff's work.  Plaintiff used the right tags, but the wrong tags would be sent

over with parts that Plaintiff later determined contained Mr. Hoag's initials on

them.

126.   Plaintiff engaged in protected conduct/activity during her employment

and opposed discrimination and harassment.

127.   Plaintiff complained about Mr. Hoag sabotaging her work to Ms. Bev

George, Supervisor.

128.   Plaintiff reported her concerns to Mr. Brett Degoiler, Supervisor of

Lathes.

129.   Plaintiff complained to Bridget LNU in the Human Resources ("HR")

department.

130.   Plaintiff reported her concerns to Tonya LNU in the HR department.

Tonya LNU stated she would speak to someone higher up, or words to that effect,

but Plaintiff heard nothing further from Tonya LNU.

131.   After Plaintiff complained, Defendant subjected Plaintiff to materially-adverse action in retaliation.

132.   On or about November 10, 2023, Randy Hoag, Machinist, shoulder-checked and hurt Plaintiff in front of several male employees, on account of discrimination, and in retaliation for Plaintiff's complaints.

133.   On that same date, November 10, 2023, Plaintiff reported her complaint about being shoulder-checked and hurt to Mr. Degoiler.  Plaintiff made a comment that she didn't understand why everyone made everything hard for her, like they wanted her to quit, or words to that effect.  Mr. Degoiler stated in reply, "I could tell you, but you'd need a release," or words to that effect.

134.   Plaintiff opposed conduct that constituted discrimination and/or harassment based on sex constituting a form of protected conduct/activity.

135.   Defendants terminated/discharged Plaintiff in retaliation for her protected conduct/activity.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions she would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable

attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED:  02/07/2024

BY: _Justin F. Robinette_____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

25

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, in the above-named matter, do hereby certify that on this <u>7th</u> day of <u>FEBRUARY</u>, <u>2024</u>, the foregoing Complaint was served via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

### <u>*VIA ELECTRONIC MAIL WITH WAIVER OF SERVICE OF SUMMONS*</u>

Mark W. Bakker, Esquire
Maynard Nexsen
104 South Main Street, Suite 900
Greenville, South Carolina 29601
<u>MBakker@maynardnexsen.com</u>

Respectfully submitted,

DATED: <u>02/07/2024</u>    BY:   <u>*/s/ Justin Robinette,*</u>
                                         Justin Robinette, Esquire
                                         *Esquire*
                                         PA Supreme Court I.D. No. 319829
                                         P.O. Box 15190
                                         Philadelphia, PA 19130-9998
                                         Tel: (267) 595-6254
                                         Fax: (267) 592-3067
                                         <u>justin@jrobinettelaw.com</u>

                                         *Attorney for Plaintiff*